IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN FEEHAN,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　CIVIL ACTION NO. 2:21-CV-02085
TRANS UNION, LLC, ET AL.　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## JOINT REPORT OF RULE 26(f)

In accordance with Fed.R.Civ.P. 26(f), counsel for the parties conferred on June 23, 2021. and submit the following report of their meeting for the Court's consideration.

**I. Counsel**

    A. Lead counsel for Plaintiff:    **Nancy Kanter**

    B. Lead Counsel for Defendants:  **William M. Huse** (Trans Union, LLC)

                                        **Kelly M. Locher** (Experian Information Solutions, Inc.)("Experian")

                                        **Gregory Dapper** (Bank of America, N.A.) ("BANA")

    C. Counsel who participated in Rule 26(f) conference on behalf of Plaintiff:

    Nancy Kanter

    D. Counsel who participated in Rule 26(f) conference on behalf of Defendants:

        William M. Huse for Trans Union, LLC;

        Kelly M. Locher for Experian; and

1

Gregory E. Dapper for BANA.

## II. Description of Claims and Defenses

A. <u>Plaintiff's View</u>:

Plaintiff John Feehan alleges that his BANA credit card account was inaccurately charged $8,738.00 for an item he did not purchase. Despite Plaintiff immediately reporting the false charge to BANA and his continued efforts thereafter in that regard, he was subjected by BANA to over a year of broken promises that the charge would be deleted from his account, debt collection activities and having this false and inaccurate charge reported to the credit reporting agencies that then reported it on his credit report. During that time period, it was also marked on his credit report as an account that was charged off. Though Plaintiff disputed the charge reporting on his credit report, Trans Union and Experian verified the charge and continued reporting it. After the year plus of inaccurately seeking to collect the $8,738.00, BANA did finally delete the charge from Plaintiff's charge account and despite informing Plaintiff it would notify the credit reporting agencies of this outcome, it was not corrected and Trans Union and Experian continued to inaccurately report the status of that account on Plaintiff's credit report. As a result of the inaccurate charge, another credit account of Plaintiff's in good standing was closed. Plaintiff seeks damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 *et seq.*, against Trans Union, Experian and BANA. and against BANA for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* ("CPL").

B. <u>Defendants' View</u>

**Trans Union**: Trans Union, LLC ("Trans Union") is a consumer reporting agency, as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Experian**: This is a credit reporting case filed, in part, under the FCRA, 15 U.S.C. §§ 1681 *et seq*. Experian is a "consumer reporting agency" as that term is defined by the FCRA. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require Experian to maintain error-free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers, and, in the case of any alleged inaccuracies on a credit report disputed by a consumer, Experian must conduct a reasonable investigation to determine whether the disputed information is indeed accurate.

At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. Further, Experian asserts that, upon receipt of Plaintiff's dispute(s), it properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. Experian acted in good faith and without malice or intent to

3

injure Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Experian further denies that Plaintiff can support a claim for punitive damages in this action. Experian's investigation of Plaintiff's claims remains ongoing.

**BANA**: BANA denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA"); failed to conduct a reasonable investigation of Plaintiff's disputes; and furnished inaccurate information regarding Plaintiff. BANA also denies that it violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.* BANA further denies Plaintiff suffered damages as a result of any of BANA's actions, and that Plaintiff can recover any relief sought in the Complaint.

## III. Stipulated Facts

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

Under certain circumstances, Trans Union and Experian act as "consumer reporting agenc[ies]" as defined by the FCRA.

Under certain circumstances, BANA acts as a "furnisher" as defined by the FCRA.

At all times pertinent hereto, Plaintiff is a "person" as defined by 73 P.S. §201-2(2).

## IV. Jurisdiction

Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## V. Insurance Coverage and Deductibles

**For Trans Union**: Trans Union's applicable insurance carrier is Underwriters at Lloyd's, London. Based on Plaintiff's claims it appears likely that any judgment against Trans Union would be subject to Trans Union's self-insured retention category.

**For Experian**: Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

**BANA**: N/A

## VI. Dispositive Motion

**Plaintiff**: Plaintiff does not anticipate filing dispositive motions at this time but reserves the right to so if necessary.

**Trans Union**: Trans Union anticipates submitting a dispositive motion in this matter on the basis of liability and damages.

**Experian**: Experian reserves the right to submit a dispositive motion in this matter on the basis of liability and damages.

**BANA**: BANA reserves the right to submit a dispositive motion in this matter. BANA will be able provide more specifics on a potential dispositive motion as this matter progresses.

## VII. Anticipated Scope of Discovery

A. Categories of Discovery

**For Plaintiff**:

1. Defendants' files for Plaintiff, including the source of information contained within the file.

2. Consumer reports prepared by Defendants relating to Plaintiff.

3. Reinvestigations performed by Defendants relating to Plaintiff.

4. Defendants' policies and procedures for compliance with the FCRA.

5. Plaintiff's damages.

6. Defendants' communications with any person, business or entity relating to plaintiff.

7. Defendant Bank of America's policies and practices regarding fraudulent charges on credit card accounts.

**For Defendants:**

**Trans Union and Experian**: Trans Union and Experian will seek discovery on the facts and circumstances related to Plaintiff's claims and allegations of damages. Experian anticipates requesting from Plaintiff all relevant documents related to Plaintiff's discovery of the alleged inaccuracy on his credit report, his communications with Experian, his communications with third parties with knowledge of Plaintiff's claims in this case, and Plaintiff's alleged damages. Experian reserves all rights to seek additional categories of discovery as further information is elicited. Trans Union and Experian also intend to take the deposition of Plaintiff, as well as Plaintiff's expert(s), if any, and any other persons revealed through discovery as having knowledge of the matters in dispute.

**BANA**: BANA intends to seek discovery on Plaintiff's allegations and claims and the purported damages set forth in his Complaint. Further, BANA intends to seek discovery on Plaintiff's knowledge concerning correspondence regarding his BANA credit card Account ending in 2684 (the "Account"); Account statements; Account documents, the alleged inaccurate reporting as to the Account; Plaintiff's pre-suit dispute(s) of the Account with the relevant credit reporting agencies; and any actual damage Plaintiff allegedly suffered. BANA would also seek discovery on the credit reporting agency Defendants' knowledge regarding Plaintiff's pre-suit dispute(s) regarding the Account; how any credit reports that are the subject of the instant litigation were generated, prepared, and coded;

and what actions, if any, they took with regard to any dispute Plaintiff made regarding the reporting of the Account. Finally, BANA would seek expert-related discovery or third party-related discovery, to the extent experts are utilized in this action.

B. Anticipated number of Interrogatories per party:     **25**

C. Anticipated number of depositions per party:     **5**

D. Need to Exceed presumptive limits in the Federal Rules of Civil Procedure for Discovery: Trans Union, Experian, and BANA request the number of Requests For Production served by one party upon another be limited to thirty (30). Trans Union and Experian also request the number of Requests For Admission served by one party upon another be limited to forty (40).

E. Third Party Discovery

**For Plaintiff:**

1. "Users i.e., recipients of consumer reports prepared by Defendants relating to Plaintiff.

2. Furnishers of information that provided information to defendant which was associated with Plaintiff.

**For Defendants:**

**Trans Union and Experian**: Trans Union and Experian may take third party discovery of prospective creditors that interacted with Plaintiff and any individuals identified by Plaintiff or other parties that may have relevant information of Plaintiff's claims and/or knowledge of Plaintiff's alleged damages.

**Bank of America**: As discussed above, BANA would seek third party-related discovery, to the extent necessary. BANA will provide further specification as this matter progresses.

F. Experts

**For Plaintiff:**

Plaintiff has not retained an expert at this time but reserves the right to do so in the future.

**For Defendants:**

**Trans Union, Experian, and BANA**: Trans Union and Experian have not retained any expert(s) at this time but reserves the right to do so.

## VIII. Status of Discovery

**Informal Discovery:**

A request for informal discovery has been made by Plaintiff to Defendant Bank of America N.A.

**Formal written discovery:**

Trans Union has served Plaintiff with its First Set of Interrogatories, First Set of Requests for Admission and First Request for Production of Documents. Experian has served Plaintiff with its Initial Disclosures, and intends to serve Plaintiff with its First Set of Interrogatories, Requests for Admission, and Request for Production of Documents prior to week ending June 28, 2021. BANA has served Plaintiff with its Initial Disclosures, and intends to serve Plaintiff with written discovery as this matter progresses. Plaintiff intends to serve TU and EXP with the First Set of Interrogatories, First Request For Admissions and First Request For Production of Documents on or before June 28, 2021.

## IX. Proposed Case Management Deadlines

**A.** Deadline to serve initial disclosures under Rule 26(a)(1): **All parties have served initial disclosures.**

B. Deadline to amend pleadings to add claims or Parties: **July 19, 2021**

C. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): **September 20, 2021**

D. Deadline for rebuttal expert reports (if any): **October 20, 2021**

E. Deadline to complete discovery: **January 14, 2022**

F. If any Party seeks more than 120 days for fact discovery, explain why. **Trans Union, Experian, and BANA request additional time to conduct discovery due to the potential need for third-party discovery related to Plaintiff's claim of fraud and the difficulty of scheduling third party discovery and party/expert depositions caused by the ongoing COVID-19 pandemic.**

G. Deadline to file motion for summary judgment: **February 14, 2022**

H. Estimated trial ready date: **June 2022**

I. Estimated Number of Days for Trial: **Four**

## X. Deposition Scheduling

No dates have been set aside for depositions as of yet.

The parties intend to set aside dates before the close of discovery and anticipate needing approximately five days to conduct depositions, depending on the facts revealed through document discovery.

## XI. Electronic Discovery

The parties agree to produce any electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

## XII. Protective Order and Confidentiality Agreements

If the parties determine the need for a protective order to govern any production of confidential documents in this matter, the parties will prepare and submit a proposed protective order for the Court's review.

## XIII. Consent to Send Case To Magistrate Judge

Counsel may be willing at a later date to discuss submitting the matter to a Magistrate Judge for a settlement conference at the close of fact discovery. The parties do not unanimously consent to trial of this matter by a Magistrate.

## XIV. Other Matters

None at this time.

Dated: June 24, 2021

/s/ Nancy Kanter
Nancy Kanter, Esquire
Attorney ID# 51256
19 S Pine Street
Doylestown, PA 18901
Tel: (215) 345-9214
Email: nkanter@pinestreetlegal.com
*Attorney For Plaintiff*

/s/ William M. Huse
William M. Huse, Esquire
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionville, IN 46077
Tel: (317) 363 2400
whuse@schuckit.com
*Attorney For Trans Union, LLC*

/s/ Kelly M. Locher
Kelly M. Locher, Esquire
JONES DAY

500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Tel: (412) 394 7937
Email: klocher@jonesday.com

Mohammad Ghiasuddin
MARGOLIS EDELSTEIN
The Curtis Center
70 S Independence Mall W, Suite 400E
Philadelphia, PA 19106-3337
Telephone: (215) 931-5802
E-mail: mghiasuddin@margolisedelstein.com

*Attorney For Experian Information Solutions, Inc.*

*/s/ Gregory Dapper*
Gregory Dapper, Esquire
McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel: (412) 667 7984
Email: GDapper@mcguirewoods.co
*Attorney For Bank of America*